# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ELTON WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 10-3456-CV-S-DGK |
| JUAN CASTILLO,[1] Warden ) | |
| United States Medical Center for ) | |
| Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that the Bureau of Prisons ["BOP"] has violated his constitutional rights because his sentence has been miscalculated. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that the BOP has failed to properly calculate his federal sentence.

After a Show Cause Order, a Response was filed. Subsequently, counsel for petitioner filed a Motion to Withdraw. Petitioner did not file a traverse.

A review of the record indicates that petitioner was sentenced to a federal term of imprisonment on November 26, 2003, in the Middle District of Tennessee. According to the

---

[1]The name of the current warden at the Medical Center, Juan Castillo, has been substituted for that of the former warden, Marty C. Anderson.

judgment, petitioner's term of imprisonment was to be: [f]or a term of **108 months to be consecutive to the state sentence; 104 months served concurrent to the state sentence, making a total of 212 months imprisonment.**" [Respondent's Exhibit 3 at 2] (Emphasis in original). According to BOP policy, Program Statement 5880.28, <u>Sentence Computation Manual</u>, a federal sentence cannot commence earlier than the date on which it was imposed. Therefore, the BOP determined that petitioner's federal sentence would being on November 26, 2003. Petitioner was released from his state sentence on December 7, 2005, to begin serving his federal sentence. At that time, petitioner had served 24 months and 12 days towards his federal sentence while in state custody. He was given federal credit for the period of time he was serving the concurrent state sentence, as well as 20 days of prior jail time credit, with the remainder of the 212-month sentence to be served. His projected good conduct time release date is April 22, 2019.

Petitioner contends that he should only have 108 months to serve, beginning on December 7, 2005, as it was the intent of the sentencing court to give him 104 months of concurrent time. While this may have been the intent of the sentencing court, according to BOP policy, a federal sentence cannot commence before it has been imposed. Petitioner was given concurrent credit for the time spent in state custody from the date his sentence was imposed, November 26, 2003, until he was released from state custody on December 7, 2005. The completion of his state sentence did not terminate the time left on his concurrent federal sentence. Therefore, there has been no constitutional violation, and he is not entitled to habeas corpus relief. The Court has no authority to disturb the decision of the BOP regarding when a federal sentence commences, as this decision is within the sole discretion of the BOP. <u>United States v. Hayes</u>, 535 F.3d 907, 910 (8th Cir. 2008).

Having carefully reviewed petitioner's contentions, as well as the record as a whole, the Court finds that it must be recommended that the petition for habeas corpus relief be dismissed

without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[2]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

s/ James C. England  
JAMES C. ENGLAND  
UNITED STATES MAGISTRATE JUDGE

Date:  08/04/2011

---

[2] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.